Robert N. Hewitt v. Commissioner.
Hewitt v. Commissioner
Docket No. 57840.
United States Tax Court
T.C. Memo 1957-112; 1957 Tax Ct. Memo LEXIS 130; 16 T.C.M. (CCH) 468; T.C.M. (RIA) 57112; June 28, 1957
*130 The income reported by petitioner on his returns for 1952 and 1953 was from his earnings as a painter and interior decorator. Petitioner was also a minister of the Gospel and conducted religious services in his home. His wife assisted him and these religious activities were designated by petitioner as Grace Gospel Mission. No income was reported by petitioner as earnings from his work as a minister. In his income tax returns petitioner took as a deduction 20 per cent of his adjusted gross income as shown on his returns as contributions made to Grace Gospel Mission. In his determination of the deficiencies the Commissioner disallowed these deductions and in lieu thereof allowed petitioner the standard deduction provided by law. Held, the Commissioner is sustained. Petitioner has not proved that he contributed these amounts to Grace Gospel Mission; also he has not proved that Grace Gospel Mission was an organization which qualifies for the deductibility of contributions under section 23(o)(2), Internal Revenue Code of 1939. Robert N. Hewitt, 144 Trenton Avenue, Buffalo, N. Y., pro se. A. Jesse Duke, Jr., Esq., for the respondent. BLACK Memorandum Findings of *131 Fact and Opinion The Commissioner has determined deficiencies in petitioner's income tax for the calendar years 1952 and 1953 in the respective amounts of $55.61 and $387.12. Respondent also determined additions to the tax as follows: 1952
1953
Section 293(a)
$2.78
$19.36
Section 294(d)(1)(A)
1.14
29.71
Total
$3.92
$49.07
Petitioner assigns error to the foregoing determination of the respondent, as follows: "a) The Internal Revenue Service disallowed contributions that I made to our non-profit work in 1952 and 1953." Also petitioner states in his petition: "5. The facts upon which the petitioner relies as the basis of this proceeding are as follows: "a) I gave over 70% of my income to our non-profit work in 1952 and 1953." No statement is attached to the deficiency notice attached to the petition showing the adjustments which the Commissioner made to the net income reported by petitioner on his returns. Findings of Fact Petitioner resides in Buffalo, New York. He filed his income tax returns for the calendar years 1952 and 1953 with the Director of Internal Revenue at Buffalo, New York. 1952 In his return for 1952, petitioner reported *132 adjusted gross income received as a painter of $1,464.39. From this he took a deduction of $292.88, which he described as a contribution to Grace Gospel Mission, 144 Trenton Avenue, Buffalo, New York, and 268 Hudson Avenue, Rochester, New York. After this deduction of $292.88 as alleged contribution petitioner reported net income of $1,171.51. Then petitioner took credit of $1,200 for two exemptions of $600 each - one for himself and one for his wife. This left no taxable income. Petitioner's return showed no tax due. At the hearing of this proceeding in Buffalo, counsel for respondent stated that the Commissioner, in his determination of the deficiency for 1952, has disallowed the claimed deduction of $292.88 alleged contribution to Grace Gospel Mission and in lieu thereof has allowed petitioner the standard deduction allowed by law. 1953 In his income tax return for the calendar year 1953, petitioner has reported total receipts from his business of $3,496. From this petitioner has deducted $450.50 as depreciation and other business expenses of $910. So far as the record shows these deductions are not in controversy. After these deductions were taken petitioner reported "net profit" *133 from his business of $2,135.50. This was entered on petitioner's return as the amount of his adjusted gross income for 1953. From this adjusted gross income petitioner has deducted $987.73 listed on page 3 of his return as follows: Contributions to Grace Gospel Mission
$432.73
Taxes on Sales
5.00
Books and Leaflets
50.00
Hotels, Traveling Expenses
500.00
Total Deductions
$987.73 This deduction of $987.73 from adjusted gross income of $2,135.50 left net income of $1,147.77. From this petitioner has deducted credit of $1,200 for two exemptions, one for himself and one for his wife, leaving no taxable income shown on the return and no tax was shown as due on the return. Counsel for respondent stated at the hearing that the Commissioner in his determination of the deficiency for 1953 had disallowed the entire $987.73 above described for lack of substantiation and in lieu thereof had allowed petitioner the standard deduction allowed by law. In his petition, petitioner only assigns as error the action of the Commissioner in disallowing petitioner's alleged contribution of $432.73 to Grace Gospel Mission. General Facts The petitioner is a house painter and interior *134 decorator by trade and during the years in issue earned all of his income from this source. He did not receive any salary or compensation from the Grace Gospel Mission. The petitioner and his wife operated a mission for the purpose of preaching the Gospel. This mission was organized by petitioner and his wife and they are the sole administrators of it. The mission is located in the front of petitioner's home at 144 Trenton Avenue, Buffalo, New York. All the funds for the operation of the Grace Gospel Mission came from the earnings that petitioner made as a house painter and interior decorator. Contributions for the support of the work of the mission were not taken from the people attending the services. For the years 1952 and 1953, the petitioner deducted the amounts of $292.88 and $432.73, respectively, as contributions to this mission and petitioner testified that he arrived at such figures by taking 20 per cent of his income. He kept no account of his so-called contributions to the mission. At the hearing the petitioner introduced in evidence a card which reads: "THIS IS TO CERTIFY, that having proved to be a true and loyal Christian, called of God to the Ministry, and sound *135 in Bible doctrine, ROBERT N. HEWITT is hereby given the Official Recognition of the GRACE GOSPEL FELLOWSHIP as an Ordained Minister of the Gospel of Christ * * * this FIFTH day of JUNE, 1952." At the hearing petitioner also introduced in evidence another card reading, as follows: "March 10, 1955 "This certifies that Pastor Robert N. Hewitt has subscribed to the doctrinal statement and is a member in good standing of the Grace Gospel Fellowship for the year 1955." Petitioner made application to the Commissioner of Internal Revenue that his office hold that the Grace Gospel Mission be held to be an exempt organization under section 101(6) of the Internal Revenue Code of 1939. This application was denied in a letter dated August 12, 1954, which, omitting formal parts, reads as follows: "Your application for exemption from Federal income tax under the provisions of section 101(6) of the Internal Revenue Code for the Grace Gospel Mission operated by you and your wife has been given careful consideration. "You stated in the exemption application, Form 1023, executed by you, that you and your wife have operated a mission in Rochester, New York since January, *136 1951, and also in Buffalo, New York, since November, 1952. It appears from the information submitted that you and your wife are 'the organization,' that it is an unincorporated enterprise, and that your purpose is the preaching of the Gospel. The financial information submitted by you shows that almost 100 percent of the income is derived from you through your interior and exterior housepainting work. Expenditures were made in 1953 for rent, two heaters, heating oil, upkeep of truck, trips, utilities, redecorating, piano, food, and miscellaneous expenses." Section 101(6) of the Code provides for the exemption of: "Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation. * * * "In view of the facts above, it is our determination that the enterprise carried on by you and your wife is solely *137 your individual activity. The law makes no provision for the exemption from Federal income tax of a religious undertaking of individuals as a personal venture where there is no form of organization. Therefore, the above-named enterprise carried on by you and your wife under the name, Grace Gospel Mission, is not entitled to exemption as a corporation, community chest, fund, or foundation, and any income derived therefrom should be included in your individual income tax returns. "Accordingly, contributions made to or for the use of the Grace Gospel Mission are not deductible by the donors in computing their taxable net income in the manner and to the extent provided by section 23(o) and (q) of the Code. "If you do not agree with this ruling, you may within thirty days from the date of this letter file a protest in accordance with the enclosed instructions. Any protest filed will be given careful consideration and a conference in the National Office in Washington will be granted if requested. "The District Director of Internal Revenue, Buffalo, New York, is being advised of this action." Petitioner requested that the Commissioner give further consideration to the question of *138 ruling that the Grace Gospel Mission was exempt from tax. To this request for further consideration, P. Henry Needham, Chief, Pensions and Exempt Organizations Branch, replied for the Commissioner in a letter dated July 8, 1955. This letter affirmed the former ruling contained in the letter of August 12, 1954. Opinion BLACK, Judge: The only issue raised by the pleadings is whether the Commissioner erroneously disallowed certain alleged contributions which the petitioner made to the Grace Gospel Mission in the years 1952 and 1953. Petitioner was not represented by counsel but in an opening statement which he made at the hearing he stated his contention as follows: "My wife and I operate a mission on Trenton Avenue, and we feel the money we make goes into the work of the Lord; that is, it belongs to the work as a community project. Therefore, we feel that we need not pay the tax, income tax because we feel we are exempt because our money is not used for ourselves but is the Lord's money. We have been operating a mission like this for about five years. We conduct a radio broadcast at Binghamton, and we also have services in various cities throughout the state. I belong to the group *139 called the Grace Gospel Fellowship in which they ordained me five years ago, and I have some evidence here of that." From this statement it is plain that petitioner thinks, as he put it, that because he is engaged in "the work of the Lord" none of his earnings as a painter and interior decorator represent taxable income. There is, of course, no provision in the statute which exempts petitioner's earnings from taxation because he is engaged in "the work of the Lord." Ministers of the Gospel have to pay taxes on their earnings the same as other taxpayers, whether such earnings are from their preaching or from secular activities. They, of course, get personal exemption credits and deductions in determining net taxable income the same as other taxpayers. Therefore, petitioner's general contention that all of his earnings are exempt from taxation because he was engaged in "the work of the Lord" must be rejected. We shall now take up petitioner's only assignment of error which is that the Commissioner erred in his determination of the deficiencies for the years 1952 and 1953 by disallowing as deductions contributions which petitioner alleges that he made in each of those years to Grase *140 Gospel Mission. Section 23(o), Internal Revenue Code of 1939, is the applicable statute and is printed in the margin. [1]
Petitioner testified at the hearing that he kept no account of moneys which he contributed to Grace Gospel Mission; that the way he arrived at the figure of $292.88 for 1952 *141 was to take 20 per cent of his earnings of $1,464.39 from his painting and decorating business. He testified that the same method was used in arriving at his claimed deduction for 1953. As a matter of fact, he testified that the mission was conducted in his own residence and that he and his wife conducted it. Therefore, in the light of this testimony, we hold that petitioner has failed to prove that he contributed $292.88 to Grace Gospel Mission in 1952 and $432.73 to it in 1953. But even if we were to assume that petitioner contributed these amounts to Grace Gospel Mission in 1952 and 1953, he has failed to establish that his alleged contributions would qualify as deductions under the provisions of section 23(o)(2) of the 1939 Code. From the scanty evidence presented by the petitioner it is obvious that the enterprise or work carried on by petitioner and his wife, however praiseworthy in character, was solely an individual activity. There is no evidence of such enterprise being a corporation, community chest, fund, or foundation and little information, if any, as to its organization or activities. The Code makes no provisions for the deduction of contributions to the religious *142 undertaking of an individual as a personal venture where there is no form of organization which conforms to the requirements of the stateute. The United States Court of Appeals for the Ninth Circuit recently affirmed the Tax Court's decision that a taxpayer who contributed her entire salary to a church was taxable on her entire salary. No deduction for a contribution to a religious organization was allowed because the church was not an exempt organization under section 101(6) of the 1939 Code. Peggy Lou Riker v. Commissioner, (C.A. 9, 1957) - Fed. (2d) -, affirming a Memorandum Opinion of the Tax Court [14 TCM 903;, T.C. Memo. 1955-225]. The Commissioner is sustained in his disallowance as deductions of petitioner's claimed contributions in 1952 and 1953 to Grace Gospel Mission. The Commissioner, in his determination of the deficiencies, also determined additions to tax for negligence under section 293(a) of the 1939 Code and for failure to file estimated tax under section 294(d)(1)(A), 1939 Code. Petitioner does not assign error as to the imposition by the Commissioner of these additions to tax. There was no evidence concerning the imposition of these *143 additions to tax presented at the hearing. The Commissioner is, therefore, sustained in the imposition of these additions to tax. As has already been stated, there was no statement attached to the deficiency notice which showed in detail the adjustments made by the Commissioner to the income as reported by petitioner on his returns. On this account, Decision will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(o) Charitable and Other Contributions. - In the case of an individual, contributions or gifts payment of which is made within the taxable year to or for the use of: * * *
(2) a corporation, trust, or community chest, fund, or foundation, created or organized in the United States or in any possession thereof or under the law of the United States or of any State or Territory or of any possession of the United States, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * * no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation. * * *↩